IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOANN W. HARRIS | * |
| | * |
| v. | *   Civil No. JFM-01-3808 |
| | * |
| DONALD L. EVANS, SECRETARY, | * |
| U.S. DEPARTMENT OF COMMERCE | * |
| | ***** |

MEMORANDUM

Plaintiff has filed this action under the Whistleblower Protection Act of 1989, Title VII and the Career Transition Assistant Plan Regulations. Defendant has filed a motion to dismiss or for summary judgment. The motion will be granted.[1]

Rather than write an extensive opinion, I will simply briefly state the reasons that defendant clearly is entitled to summary judgment.[2]

1. Plaintiff's claim under the Whistleblower Protection Act is barred because she did not exhaust the administrative remedies available to her under the Act. See 5 U.S.C. §1214(a)(3)(A)(i-ii); 5 U.S.C. §1214(a)(3)(B). Judicial review of a claim under the Whistleblower Protection Act occurs only after the Merit Systems Protection Board has issued a final decision on the claim. See 5 U.S.C. §1214(c)(1); 5 U.S.C. §7703; McKinney v. Reich, 1996 U.S. Dist. LEXIS 21925 (S.D. W.Va. Mar. 25, 1996), aff'd without opinion, 208 F.3d 209

---

[1] Plaintiff initially appeared pro se. However, she is now represented by counsel.

[2] I also note that plaintiff's removal claim also clearly fails on the merits. Plaintiff was removed from her position because she failed to maintain her security clearance that was a prerequisite to her job. Her security clearance was revoked because of an incident that occurred on August 10, 1998. While on duty, plaintiff stabbed herself in the abdomen area with a steak knife and smeared her blood on the wall. She also wrote a note on the wall with a pen stating, "I spoke the truth and you destroyed me. You made me invisible. You stole my spirit, now you have my blood! No more." She affixed the note to the wall with the knife with which she had stabbed herself.

(4th Cir. 2000). Here, plaintiff did not pursue any remedies through the Board.

2. Plaintiff's removal and non-selection claims under Title VII are barred because she did not exhaust her administrative remedies under the Act. She has presented no facts to support equitable tolling or equitable estoppel. See generally Zografov v. Veterans Admin. Med. Ctr., 779 F.2d 967, 968-69 (4th Cir. 1985); Moody v. Bayliner Marine Corp., 664 F. Supp. 232, 234 (E.D.N.C. 1987); Steele v. Brown, 993 F. Supp. 921-22 (M.D.N.C. 1998).

3. Plaintiff's claim under the Career Transition Assistant Plan Regulations fails because she was not a "displaced" or "surplus" employee within the meaning of those regulations.

4. Plaintiff's hostile work environment claim because she has failed to present evidence sufficient to show that she was subjected to conduct "'severe or pervasive enough' to create 'an environment that a reasonable person would find hostile or abusive.'" Von Gunten v. Maryland, 243 F.3d 858, 870 (4th Cir. 2001) quoting Harris v. Forklift Sys. Inc., 510 U.S. 17, 21 (1983). She simply alleged a series of separate incidents occurring over the years that she alleges gave rise to her own belief that her work environment was hostile and abusive.[3]

5. Plaintiff's claims under Title VII for various other work-related actions, e.g. reassignments, detail, assigned job duties, and a poor performance rating, do not involve tangible, adverse job actions as necessary to give rise to a Title VII claim. None of these actions adversely affected the terms, conditions or benefits of plaintiff's employment within the meaning of the Act. See Von Gunten, 243 F.3d at 865.[4]

---

[3]I note that plaintiff's affidavit and exhibits filed in opposition to the summary judgment motion do not in some respects comply with the requirements of Fed. R. Civ. P. 56(e). In any event, at most she has shown that subjectively she found her work environment to be hostile.

[4]Because the actions of which plaintiff complains are not actionable in the first instance, I need not decide whether plaintiff has made out a prima facie case or demonstrated that

2

A separate order treating defendant's motion as one for summary judgment and granting it as such is being entered herewith.

Date: September 30, 2002

J. Frederick Motz
United States District Judge

---

defendant's reasons for its actions were pretextual.